**FILED**

**August 31, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Debbie Morgan | ) Docket No. 2016-08-0270 |
| | ) |
| v. | ) |
| | ) State File No. 63707-2015 |
| Macy's, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

**Affirmed in Part, Vacated in Part,
and Remanded - August 31, 2016**

---

In this interlocutory appeal, the employee tripped and fell onto her right shoulder while attempting to avoid a cart as she exited a stockroom. The employer provided medical treatment and, after the employee completed a course of conservative treatment for neck pain, the authorized physician recommended a cervical fusion. The employer submitted the recommended surgery for utilization review, and the reviewing physician declined to certify the surgery as medically necessary. The employee did not appeal the utilization review denial to the state's utilization review program, but instead filed a request for expedited hearing. The trial court ruled that an employee need not pursue an appeal of a utilization review denial to the medical director as a prerequisite to filing a request for expedited hearing. Upon consideration of the medical records of the treating physician, including a report admitted into evidence over the objection of the employer, the trial court determined that the surgery was medically necessary and ordered the employer to pay for the surgery. Additionally, the trial court denied the employer's post-hearing motion to add an additional defense to the dispute certification notice. The employer appealed. Upon careful consideration of the record, we affirm in part and vacate in part the decision of the trial court, and we remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, joined. Judge Hensley filed a separate concurring opinion.

1

J. Allen Callison, Brentwood, Tennessee, for the employer-appellant, Macy's

Andrew L. Wener, Memphis, Tennessee, for the employee-appellee, Debbie Morgan

## Factual and Procedural Background

Debbie Morgan ("Employee"), a resident of Shelby County, Tennessee, worked for Macy's ("Employer") as a sales associate. On July 9, 2015, she was exiting a stockroom when she tripped and fell while attempting to avoid a cart. She landed on her right shoulder and felt immediate pain in her shoulder, neck, and arm. She reported the accident and received authorized medical treatment from Dr. Samuel Schroerlucke at Tabor Orthopedics.[1] X-rays of the right shoulder revealed no abnormalities, and an EMG of the right upper extremity was interpreted as normal. X-rays of the cervical spine showed multi-level degenerative disc disease and an MRI of the cervical spine revealed right foraminal stenosis at C4-5 and C5-6. Employee completed physical therapy and underwent an epidural steroid injection, neither of which, according to her testimony, provided adequate relief from her symptoms. She further testified that she was unable to use most pain medications due to allergies. In a January 26, 2016 report, Dr. Schroerlucke commented that if her symptoms did not abate, he would "likely offer her a C4-C6 ACDF."[2] He formally recommended this surgery in a February 2, 2016 report.

Employer submitted Dr. Schroerlucke's recommendation for surgery to utilization review pursuant to Tennessee Code Annotated section 50-6-124 (2015). In a February 24, 2016 utilization review report, Dr. Robert Winans, a Tennessee-licensed, board-certified orthopedic surgeon, expressed his opinion that the recommended treatment was not medically necessary in accordance with treatment guidelines set forth in the Official Disability Guidelines ("ODG"). He outlined several instances in which the ODG treatment guidelines require certain findings which he felt were not documented in Dr. Schroerlucke's records.

Neither Employee nor Dr. Schroerlucke appealed the utilization review denial to the Bureau of Workers' Compensation's utilization review program. Instead, Employee filed a petition for benefit determination and, after the issuance of a dispute certification notice, a request for expedited hearing. The dispute certification notice indicated that "compensability" and "medical benefits" were disputed issues. After being given an opportunity to review the disputed issues listed on this form prior to its filing with the trial court, Employer submitted correspondence to the mediator asking that the issues be more fully described as "compensability – based on the nature of the incident itself and the primarily arising out of requirement – and the medical necessity of the fusion as

---

[1] The record is silent regarding whether Employer provided a panel of physicians from which Employee selected Dr. Schroerlucke, but the parties agree he was an authorized physician.

[2] "ACDF" is an acronym for anterior cervical discectomy and fusion.

2

recommended by the [authorized treating physician] pursuant to Tenn. [Comp.] R. & Regs. 0800-02-06 and 0800-02-25."

During the course of the evidentiary hearing, Employer initially indicated "there is a compensability issue." However, after testimony was completed and all evidence was submitted, Employer acknowledged that, for purposes of this expedited hearing, the evidence was sufficient to support a finding that Employee established a likelihood of prevailing on the issue of compensability.

Following the hearing, Employer filed a "Motion to Expand the Scope of the Dispute Certification Notice to Include Defense for Idiopathic Injury." Thereafter, in its expedited hearing order, the trial court determined: (1) it had jurisdiction to consider the medical necessity of the recommended treatment despite Employee's decision not to appeal the utilization review denial to the Bureau's utilization review program; (2) an employee need not appeal a utilization review denial to the Bureau's utilization review program as a prerequisite to seeking relief in the Court of Workers' Compensation Claims; (3) an employer has the burden of rebutting the medical necessity of recommended treatment by clear and convincing evidence; (4) Employee in this case came forward with sufficient evidence that the recommended treatment was medically necessary; (5) Employee has not established entitlement to temporary disability benefits; and (6) Employer's motion to add an idiopathic injury defense should be denied. Employer filed its notice of appeal and, thereafter, Employee filed a motion to dismiss Employer's appeal and position statement.[3]

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

---

[3] Although initially identifying subject matter jurisdiction and whether the presumption of medical necessity was rebutted as issues in its Notice of Appeal, Employer subsequently abandoned those issues either explicitly (by filing a "Motion to Dismiss Section One of its Appeal" that encompassed the former issue) or implicitly (by failing to offer any argument with respect to the latter issue in its brief).

(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

*Employer's Post-Hearing Motion to Amend the Dispute Certification Notice*

Employer argues that the trial court erred in denying its post-hearing "Motion to Expand the Scope of the Dispute Certification Notice to Include Defense for Idiopathic Injury." We disagree.

The manner in which hearings are conducted in the Court of Workers' Compensation Claims is governed by Tennessee Code Annotated section 50-6-239 (2015). Any party seeking to resolve a disputed issue is required to file a request for hearing within sixty days after a dispute certification notice has been filed. Tenn. Code Ann. § 50-6-239(a) (2015). At such a hearing, the trial court can consider "only issues that have been certified within a dispute certification notice." Tenn. Code Ann. § 50-6-239(b)(1). To present other issues to the trial court requires permission of the trial court, which can be granted "*only* upon finding that: (A) The parties did not have knowledge of the issue prior to the issuance of the dispute certification notice *and could not have known of the issue despite reasonable investigation*; and (B) Prohibiting presentation of the issue would result in substantial injustice to the petitioning party." Tenn. Code Ann. § 50-6-239(b)(2) (emphasis added).

In its expedited hearing order, the trial court denied Employer's motion, which was filed after the testimony was complete and all evidence was submitted. The trial court concluded that Employer "stipulated to causation at the conclusion of the Expedited Hearing, and such stipulation renders any idiopathic defense moot." The court also concluded that Employer did not present sufficient evidence to satisfy the requirements of Tennessee Code Annotated section 50-6-239(b)(2).

Based upon our review of the record, we find that the trial court did not abuse its discretion in denying Employer's motion at this stage of the litigation. Employer did not establish that it did not know "and could not have known" of a potential idiopathic injury defense at the time the dispute certification notice was issued. However, we respectfully disagree with the trial court that Employer "stipulated to causation" or otherwise bound itself to a position with respect to the issue of causation for the duration of this case. Near the conclusion of the hearing, when the trial court questioned counsel for Employer regarding its defenses, counsel was careful to state that while there was sufficient

4

evidence supporting a finding of causation for purposes of the expedited hearing, he was "not stipulating to it." As the expedited hearing was interlocutory in nature and was conducted at a time when discovery remained incomplete, it would be improper to conclude that Employer is precluded from seeking to amend the dispute certification notice prior to the final compensation hearing to add additional defenses pursuant to any applicable rule or statute. Thus, although Employer did not present sufficient reasons to add an "idiopathic injury" defense to its argument in opposition to this request for expedited hearing, nothing precludes it from seeking to assert such a defense going forward. In this particular instance, however, Employer was properly prevented from injecting a new legal theory for the trial court's consideration after the proof was closed, after arguments were made, and after the hearing concluded.

*Admissibility of Medical Records*

At the beginning of the evidentiary hearing, the parties discussed with the trial court the documents that were to be offered into evidence. Counsel for Employee discussed the clinical records of Dr. Schroerlucke, work status forms, and other documents that he described as "certified records."[4] Counsel for Employer objected to the introduction of those records since Employee had not filed an exhibit list prior to the hearing. *Cf.* Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(a) (2015). Employer also offered into evidence the utilization review report of Dr. Winans. The trial court determined that all medical records were admissible if they "bear a signature" and that an electronic signature satisfies the signature requirement. The trial court also found that the records of Dr. Schroerlucke were admissible because they were considered by Dr. Winans in his utilization review report and were therefore relevant to the basis of Dr. Winans' expert opinion.

Later in the hearing, Employer objected to the introduction of a specific record from Dr. Schroerlucke dated March 15, 2016 because it was not included within the scope of the medical record certification dated March 10, 2016.[5] After examining the report, the trial court noted that it contained the physician's initials at the end of the record and stated, "that's good enough for electronic signature under our . . . standards."

The admissibility of medical records is controlled, in part, by the Mediation and Hearing Procedures of the Tennessee Department of Labor and Workforce Development, which provide that "[a]ll medical records shall be exchanged among the parties in the

---

[4] In its brief, Employer acknowledges that Employee submitted the records of Tabor Orthopedics to the mediator with a medical certification form dated March 10, 2016, but that form was not included with the exhibit introduced at the hearing and was not included in the record.

[5] While Employer's counsel indicated during the hearing the disputed record was dated March 17, 2016, it appears that he was referring to the March 15, 2016 record.

manner provided by these rules." Tenn. Comp. R. & Regs. 0800-20-21-.16(6) (2015). The rule further requires that:

(a)     All medical records . . . shall be filed with the [Bureau] no later than (10) business days before the scheduled hearing date. Except for good cause shown, failure to comply *may* result in the exclusion of any medical record that is not filed timely . . . . Absent good cause as determined by a workers' compensation judge, no other medical records shall be filed with the [Bureau].

(b)     All medical records *signed by a physician* or *accompanied by a certification that the records are true and accurate* which has been signed by the medical provider or custodian of records shall be admissible.

Tenn. Comp. R. & Regs. 0800-20-21-.16(6) (emphasis added). Also, in its Practices and Procedures, the Court of Workers' Compensation Claims advises parties that "[a]ffidavits and other evidence filed with the mediator prior to the request for expedited hearing do not need to be resubmitted." Tenn. Ct. of Workers' Comp. Claims, Prac. & Proc, § 7.02(A).

In the present case, it is undisputed that Employee submitted certain medical records from Tabor Orthopedics to the mediator prior to the date the request for expedited hearing was filed. Moreover, Employer agreed that these records were accompanied by a medical certification form dated March 10, 2016 in compliance with Tenn. Comp. R. & Regs. 0800-20-21-.16(6)(b). Given that the trial court's Practices and Procedures advise parties *not* to refile records which have already been submitted to the mediator, it was not an abuse of discretion for the trial judge to admit the medical records from Tabor Orthopedics dated on or prior to the date of the medical certification form despite the fact that they were not submitted with an exhibit list and were not refiled with the trial court clerk at least ten days prior to the scheduled hearing.

However, the record of Dr. Schroerlucke dated March 15, 2016 did not fall within the scope of the medical certification form dated March 10, 2016. Thus, it was neither "signed by a physician" nor "accompanied by a certification" as required by Rule 0800-02-21-.16(6)(b). We respectfully disagree with the trial court that a mere typed notation which purports to be a physician's initials at the end of a record is sufficient, standing alone, to satisfy requirements for admissibility. The purpose of the rule is to provide an efficient and cost-saving means of introducing medical records as evidence when such records have basic indicia of reliability. The rule is not burdensome, requiring either a physician's signature on the record itself or an accompanying certification form signed by a custodian of the records. The trial court concluded that an electronic signature complies with the rule and that a physician's typed initials at the end of the document are

6

the equivalent of an electronic signature. Without fully resolving the issue of what constitutes a valid electronic signature, we disagree that mere typed initials at the end of the document are sufficient.[6]

Therefore, we conclude it was error for the trial court to accept Dr. Schroerlucke's March 15, 2016 report as evidence at the expedited hearing. Given the trial court's reliance on Dr. Schroerlucke's records, including the March 15, 2016 report in particular, in reaching its determination as to medical necessity, it is necessary to vacate that aspect of the court's decision and remand the case to the trial court for reconsideration in light of the admissible evidence.

*Presumption of Medical Necessity*

In light of our finding regarding the admissibility of medical records and its impact on the issue of the medical necessity of the recommended treatment in this case, we must also consider the relationship between the newly-adopted medical treatment guidelines and the presumptions outlined in Tennessee Code Annotated section 50-6-204(a)(3)(H) and (I). In assessing whether Employee came forward with sufficient evidence of medical necessity to support an order for the payment of the recommended surgery, the trial court concluded that the presumption that the authorized physician's recommended treatment is medically necessary could be overcome *only* by clear and convincing evidence. We respectfully disagree.

In Tennessee Code Annotated section 50-6-204(a)(3)(H), the legislature provided a presumption of medical necessity for "any treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2015). Thereafter, section 204(a)(3)(I) provides:

> Following the adoption of treatment guidelines pursuant to § 50-6-124, the presumption of medical necessity for treatment recommended by a physician or chiropractor selected pursuant to this subsection or by referral, if applicable, shall be rebuttable only by clear and convincing evidence demonstrating that the recommended treatment substantially deviates from, or presents an unreasonable interpretation of, the treatment guidelines.

Tenn. Code Ann. § 50-6-204(a)(3)(I). However, the legislature also discussed this presumption in Tennessee Code Annotated section 50-6-124(h):

---

[6] An example contained in this record of an acceptable "electronic signature" appears at the end of Dr. Lee-Sigler's Operative Report dated January 14, 2016, which states, "I authorize my name to be electronically affixed to this report signifying that I have reviewed and approved the dictated report." This language is followed by the physician's full typed name. While we do not suggest that this is the *only* acceptable format for an electronic signature, we find that it complies with Rule 0800-02-21-.16(6)(b).

Any treatment *that explicitly follows the treatment guidelines adopted by the administrator* or *is reasonably derived therefrom*, including allowances for specific adjustments to treatment, shall have a presumption of medical necessity for utilization review purposes. This presumption shall be rebuttable only by clear and convincing evidence that the treatment erroneously applies the guidelines or that the treatment presents an unwarranted risk to the injured worker.

Tenn. Code Ann. § 50-6-124(h) (2015) (emphasis added). The medical treatment guidelines, which were adopted by the administrator and became effective January 1, 2016, reiterate the language from section 50-6-124(h). *See* Tenn. Comp. R. & Regs. 0800-02-25-.03(2) (2016).

Thus, when relevant statutory provisions and the rules governing the medical treatment guidelines are read in conjunction, it is evident that a trial court can apply one of two potential presumptions to the issue of medical necessity in any given case. First, as codified in section 50-6-204(a)(3)(H), treatment recommended by an authorized physician is presumed medically necessary. While this provision does not specify the quantum of evidence required to rebut the presumption, which was codified in the 2013 Workers' Compensation Reform Act, Tennessee courts have long acknowledged the presumption and considered it rebuttable by a preponderance of the evidence. *See, e.g.*, *Walker v. G.UB.MK Constructors*, No. E2015-00346-SC-R3-WC, 2016 Tenn. LEXIS 313 (Tenn. Workers' Comp. Panel May 2, 2016) (trial court's denial of employee's motion to compel medical treatment affirmed where presumption of medical necessity afforded the recommended treatment was overcome by a preponderance of the medical evidence).

Second, in circumstances where an employee establishes by expert medical evidence that the recommended treatment "explicitly follows the treatment guidelines" or "is reasonably derived therefrom, including allowances for specific adjustments to treatment," then the burden shifts to the employer to rebut the presumption of medical necessity by clear and convincing evidence. *See* Tenn. Code Ann. §§ 50-6-124(h), 204(a)(3)(I); Tenn. Comp. R. & Regs. 0800-02-25-.03(2).

In the present case, Employee did not offer proof at the expedited hearing that the authorized physician's recommended treatment "explicitly follows the treatment guidelines" or "is reasonably derived therefrom." A trial court is not in a position to independently assess an injured worker's symptoms as described in medical records to determine whether recommended treatment falls within medical treatment guidelines. *See* *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Therefore, we conclude that if an employee seeks to take advantage of the presumption as described in Tennessee Code Annotated section 50-6-124(h) and Rule 0800-02-25-.03(2), then the

employee has the initial burden of proving that the recommended treatment "explicitly follows the treatment guidelines" or that it "is reasonably derived therefrom" as required by the statute and the rule. Once the employee has met that initial burden, the burden then shifts to the employer to offer clear and convincing evidence that the treatment "erroneously applies the guidelines" or that it "presents an unwarranted risk to the injured worker." Otherwise, if an employee does not establish the criteria as described above, the employer has the burden to overcome the presumption in favor of the medical necessity of the authorized physician's recommended treatment by a preponderance of the evidence.

*Employee's Motion to Dismiss Appeal*

Subsequent to the filing of Employer's notice of appeal, Employee filed a "Motion to Dismiss Employer's Appeal and Position Statement." Though some of the issues raised by Employee in her motion to dismiss the appeal are pretermitted, other issues merit discussion.

First, Employee asserts that the trial court erred in denying her motion for "directed verdict."[7] Specifically, Employee argues that, because Employer did not file a formal answer to the petition for benefit determination, the trial court "should have entered a verdict in favor of Employee prior to the proof being taken." Thereafter, Employee cites several rules of civil procedure that she asserts supports her position that Employer's failure to file an answer rendered a "directed verdict" appropriate.

Employee's argument overlooks Tennessee Code Annotated section 50-6-239(c)(1), which provides that the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence apply to hearings in the Court of Workers' Compensation Claims "unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1) (2015). Such rules were adopted and are found in Tenn. Comp. R & Regs. 0800-02-21. These rules set forth the procedures for commencing a claim for workers' compensation benefits, conducting mandatory mediation, identifying disputed issues in a dispute certification notice, and presenting those disputed issues to a workers' compensation judge for resolution. None of these rules require the employer to file a formal answer, although employers are given an opportunity to list defenses to the claim on the dispute certification notice. Thus, to the extent that these specific rules are in conflict with the Tennessee Rules of Civil Procedure, the rules adopted by the administrator control. Accordingly, we find no merit in Employee's argument that she was entitled to a "directed verdict" or judgment on the

---

[7] Although Employee described her request as one for "directed verdict," a directed verdict as contemplated in Rule 50 of the Tennessee Rules of Civil Procedure applies only in jury trials and is offered "at the close of the evidence offered by the opposing party or at the close of the case." Tenn. R. Civ. P. 50.01. We presume Employee intended to seek a judgment on the pleadings in accordance with Tennessee Rule of Civil Procedure 12.03.

9

pleadings because Employer did not file a formal answer to the petition for benefit determination.

Employee next asserts that the utilization review report of Dr. Winans was incorrectly admitted into evidence because it was not "certified." Employee's argument fails to acknowledge Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b), which provides that medical reports "signed by a physician" are admissible. The trial court correctly addressed this issue in overruling Employee's objection during the expedited hearing.

Finally, Employee argues that by failing to include an argument regarding whether the trial court properly applied the presumption of correctness regarding medical necessity, Employer "has waived an appeal of this [i]ssue, and it should be binding on this case in the future." As we indicated above, however, the trial court's determination regarding medical necessity is vacated and the case is remanded to the trial court for reconsideration of the admissible evidence. Moreover, as discussed in previous cases, an expedited hearing order is interlocutory in nature, meaning that it is "subject to revision at any time before the entry of a judgment adjudicating all the claims and the rights and liability of all the parties." Tenn. R. Civ. P. 54.02. Thus, Employer is not precluded from further arguing the issue of medical necessity in later hearings. Employee's motion to dismiss the appeal, to the extent it is actually a request to dismiss the appeal as opposed on a brief or position statement, is denied.[8]

Before concluding, we note that, in his concurrence, our colleague argues that we should not address issues on appeal unless those issues have been raised by an appealing party as "independent issues," presumably in a notice of appeal.[9] He further concludes that two of the three issues asserted by Employee in her motion to dismiss the appeal, which is essentially her appellate brief, involved "alleged errors of the trial court" and should not have been addressed by us because they were not "properly present[ed]" as "independent issues for our review." We respectfully disagree with our colleague's overly narrow construction of the relevant statutory language.

In explaining the scope of the Appeals Board's jurisdiction in Tennessee Code Annotated section 50-6-217(a)(1), the legislature directed the Appeals Board "to review interlocutory and final orders entered by workers' compensation judges upon application of *any* party to a workers' compensation claim." Tenn. Code Ann. § 50-6-217(a)(1) (2015) (emphasis added). With respect to interlocutory appeals, the legislature further explained that "[w]ithin seven (7) business days after issuance of an interlocutory order for temporary disability or medical benefits by a workers' compensation judge, *either* party may appeal the interlocutory order by filing a notice of appeal with the clerk of the

---

[8] The motion does not assert any grounds for dismissal of a properly perfected appeal.

[9] The issue raised by our colleague in his concurring opinion has not been raised or briefed by any party to this appeal.

court of workers' compensation claims." Tenn. Code Ann. § 50-6-217(a)(2)(A) (emphasis added). Moreover, "[u]pon the expiration of the time established by bureau rules for the parties to file a transcript . . . or a statement of the evidence, *along with briefs or position statements specifying the issues presented for review* and supporting documents, the record on appeal shall be submitted . . . to the clerk of the workers' compensation appeals board." *Id.* Thus, the statutory scheme for appeals of interlocutory orders contemplates that an appeal may be perfected by the timely filing of a notice of appeal by *any* party, and the parties may present briefs or position statements "specifying the issues presented for review." Once an appeal is properly perfected, the statute does not restrict the Appeals Board to considering only issues identified by the appealing party in a notice of appeal, but allows consideration of issues specified and argued by a party as long as the issue was properly presented and decided below. *See Grant v. Commer. Appeal*, No. W2015-00208-COA-R3-CV, 2015 Tenn. App. LEXIS 750, at *24 (Tenn. Ct. App. Sept. 18, 2015).[10] In the present case, Employee filed a "Motion to Dismiss Employer's Appeal and Position Statement," raising the issues described above. Thus, Employee complied with Tennessee Code Annotated section 50-6-217(a)(2)(A) by "specifying the issues presented for review" in a "brief or position statement." We conclude that our consideration of those issues fits squarely within the statutory authority granted by the legislature in Tennessee Code Annotated section 50-6-217(a).

Not only is the approach we have taken consistent with the statute, it is consistent with general law as reflected in the Tennessee Rules of Appellate Procedure. These rules make clear that, after the filing of a single notice of appeal by one party, other parties are not required to file a separate notice of appeal in order to raise their own issues in the appellate court. Tenn. R. App. P. 3(h) and 13(a). Although the Tennessee Rules of Appellate Procedure are not binding on us, they are persuasive authority and we may resort to them for guidance. *Yarbrough v. Protective Services Co., Inc.*, No. 2015-08-0584, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *12 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016).

### Conclusion

Based on the foregoing, the trial court's decision denying Employer's Motion to Expand the Scope of the Dispute Certification Notice is affirmed. The trial court's determination regarding medical necessity and its order for the payment of the recommended surgery are vacated, and the case is remanded for any further proceedings that may be necessary.

---

[10] We further note that, had the legislature intended to restrict our authority to hearing only issues raised by an appealing party in a notice of appeal, it could have done so in a manner similar to the restriction placed on trial courts in Tennessee Code Annotated section 50-6-239(b)(2)(2015), which limits a trial judge's ability to consider issues not identified on a dispute certification notice except under certain circumstances.

_Timothy W. Conner_

**Timothy W. Conner, Judge**
**Workers' Compensation Appeals Board**

**FILED**

**August 31, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Debbie Morgan | ) | Docket No. 2016-08-0270 |
| | ) | |
| v. | ) | |
| | ) | State File No. 63707-2015 |
| Macy's, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

**Concurring Opinion-Filed August 31, 2016**

---

I agree with the lead opinion's disposition of the case and its rationale for resolving the issues raised by Employer-Appellant. I also agree with the denial of Employee-Appellee's "Motion to Dismiss Employer's Appeal and Position Statement." I write separately to express my opinion that errors of a trial court addressing motions or the admissibility of evidence are not appropriate bases for dismissing an appeal, and thus, it was unnecessary for the lead opinion to address the merits of the issues questioning the trial court's actions that were raised by Employee-Appellee in support of her motion to dismiss the appeal. My concern is that the practical effect of my colleagues' willingness to address alleged errors of the trial court, which were presented only in support of a motion filed by Employee-Appellee to dismiss the appeal, is to alter the procedure for appellate review by the Appeals Board that is prescribed by statute and regulation. Here, based upon Employee-Appellee's failure to file a notice of appeal or otherwise properly present independent issues for our review, I would forgo addressing the merits of issues raised in Employee-Appellee's motion that question the trial court's determinations.

In the "Motion to Dismiss Employer's Appeal and Position Statement," Employee-Appellee raised three issues that the lead opinion states "merit discussion." The first such issue addresses the trial court's denial of Employee-Appellee's motion for "directed verdict," which the lead opinion notes was intended to be a motion for judgment on the pleadings. The second issue concerns the trial court's admission of Dr. Winans' utilization review report into evidence. The third issue concerns whether

1

Employer-Appellant waived an issue included in its notice of appeal by failing to address the issue in its brief.

In my view, only the third issue, which does not concern alleged errors by the trial court, was appropriate for Employee-Appellee to submit in support of her motion to dismiss the appeal. I would decline to address the merits of the issues questioning the trial court's failure to grant a "directed verdict" and its admission of the utilization review report into evidence. Employee-Appellee presented those two issues as grounds upon which the Employer-Appellant's appeal should be dismissed and not as independent issues for our review. Because those issues are not proper bases upon which an appeal could be dismissed, and because they were not otherwise properly brought before us, I would omit any discussion of the merits of those two issues as unnecessary. Thus, while I agree Employee-Appellee's motion to dismiss the appeal should be denied, I disagree with my colleagues' addressing the merits of issues raised in the motion that allege errors by the trial court.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

2



**FILED**

**August 31, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Debbie Morgan | ) | Docket No.   2016-08-0270 |
| | ) | |
| v. | ) | State File No.  63707-2015 |
| | ) | |
| Macy's, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of August, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Andrew L. Wener | | | | | X | awener@wenerlawfirm.com |
| J. Allen Callison | | | | | X | acallison@chartwelllaw.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov